UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HOHSFIELD,

        Petitioner,

        v.

MEG YATAURO, et al.,

        Respondents.

Civil Action No. 11-2000 (GEB)

**OPINION**

**APPEARANCES:**

    **DAVID HOHSFIELD**, Petitioner pro se
    # 567841-A
    Adult Diagnostic and Treatment Center
    8 Production Way
    P.O. Box 190, 8-L
    Avenel, New Jersey 07001

RECEIVED
JUN 13 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**BROWN, JR.**, Chief Judge

    This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner David Hohsfield ("Hohsfield"), challenging his 2009 New Jersey state court conviction.[1] For the reasons stated below, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

---

    [1] This matter was administratively terminated on April 21, 2011, because Hohsfield failed to either pay the $5.00 filing fee or submit an application to proceed in forma pauperis ("IFP"). Petitioner was given the opportunity to have his case re-opened if he submitted an IFP application or paid the filing fee. On April 25, 2011, Hohsfield submitted a complete IFP application, which shows that he is qualified for indigent status. Accordingly, the Court will direct the Clerk to re-open this matter.

I.  BACKGROUND

According to the allegations contained in the petition, Hohsfield is challenging a judgment of conviction entered by the Superior Court of New Jersey, Law Division, Ocean County, on December 18, 2009. Hohsfield states that he filed a direct appeal from his conviction before the Superior Court of New Jersey, Appellate Division. On August 25, 2010, the Appellate Division affirmed the sentence and conviction but modified petitioner's jail/gap credits. The Supreme Court of New jersey denied certification on March 15, 2011. (Petition at ¶¶ 1-9).

Thereafter, Hohsfield filed a state court petition for post-conviction relief ("PCR"), asserting claims of ineffective assistance of counsel. Hohsfield admits that the state PCR petition is still pending before the state PCR court. (Petition at ¶¶ 10, 11(a)).

The present habeas petition alleges claims of ineffective assistance of counsel.

II.  ANALYSIS

A.  Pro Se Pleading

Hohsfield brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

2

construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

B.  <u>Exhaustion Analysis</u>

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[2] 28 U.S.C. § 2254(b)(1). See also <u>Rose v. Lundy</u>, 455 U.S. 509, 515 (1982); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims,

---

[2] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in <u>Ex parte Royall</u>, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see <u>Rose v. Lundy</u>, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d

Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. <u>Picard</u>, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. <u>Id.</u> at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Hohsfield has failed to exhaust his state court remedies with respect to the challenged state court conviction. Hohsfield plainly states that his state PCR petition, raising relevant claims of ineffective assistance of counsel as asserted in his federal habeas petition, is still pending. (Petition at ¶ 11(a)(5)). Consequently, it is clear that Hohsfield has not exhausted his state court remedies before instituting this federal habeas action.

As a matter of comity then, it is best left to the New Jersey courts to determine Hohsfield's constitutional claims and challenges to his convictions that are still pending on state collateral review. Therefore, based on the allegations represented by Hohsfield in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not

been fully exhausted before the highest court in New Jersey. Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Hohsfield has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

GARRETT E. BROWN, JR., Chief Judge
United States District Court

DATED: 6/13/11